**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LINDSEY DRAHOS,**

      **Plaintiff,**                           Case No. 2:25-cv-663
                                                       Chief District Judge Sarah D. Morrison
      v.                                        Magistrate Judge Kimberly A. Jolson

**U.S. BANK NATIONAL
ASSOCIATION, et al.,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motions for Leave to Proceed *in forma pauperis*, (Docs. 1, 3), and the initial screen of her Complaint under 28 U.S.C. § 1915(e)(2), (Doc. 1-1). Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **GRANTED**, and her prior Motion (Doc. 1) is **DENIED as moot**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a).

As set forth in more detail below, the Undersigned finds that Plaintiff's federal claims may proceed, while other claims should be dismissed. At this stage, the Undersigned also declines to determine whether the Court will exercise supplemental jurisdiction over her remaining state-law claims.

**I.    BACKGROUND**

Plaintiff Lindsey Drahos, an Ohio resident proceeding *pro se*, brings this action in connection with the repossession of her car. Sometime prior to June 15, 2024, Plaintiff entered into a loan agreement with Defendant U.S. Bank National Association ("U.S. Bank") to purchase a vehicle. (Doc. 1-1 at ¶ 8). According to a police report attached to the Complaint, Plaintiff remained current on the loan payments. (*Id.* at 5–6). Even so, in June 2024, Defendant Millenium

Capital and Recovery Corporation ("Millenium"), who allegedly serves as U.S. Bank's agent, hired Defendant Lost & Found Recovery to repossess Plaintiff's vehicle. (*Id.* at ¶ 9).

On June 15, an unidentified employee of Lost & Found Recovery ("John Doe") entered Plaintiff's locked garage "without consent" and "damage[ed] the garage door in the process." (*Id.* at ¶ 11). Plaintiff subsequently filed a police report. (*Id.* at ¶ 12). Police dispatched to her home, reviewed security camera footage of the repossession, and took a "criminal trespassing and criminal damaging report." (*Id.* at 5–6 (police report attached to the Complaint)). Police then advised Plaintiff "to contact the prosecutor's office." (*Id.* at 6).

Based upon these allegations, Plaintiff filed this action against Defendants U.S. Bank, Millenium, Lost & Found Recovery, and John Doe on June 13, 2025, bringing claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6), and Ohio Revised Code §§ 1309.609, 2911.21, and 2909.06. (*Id.* at ¶¶ 16–17, 20–22). Plaintiff also sues Defendants for state-law negligence and conversion. (*Id.* at ¶¶ 18–19). As relief, Plaintiff seeks compensatory, punitive, and statutory damages; injunctive relief; and attorney's fees and costs. (*Id.* at 3–4).

## II. STANDARD

Because Plaintiff proceeds *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than attorneys' filings. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Nonetheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These requirements are not overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and providing "the

grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (saying a complaint must have enough facts to give the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation omitted)). At this stage, the Court must construe Plaintiff's Complaint in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a complaint with only "labels and conclusions" cannot survive the pleadings. *Id.* at 678 (internal quotation omitted).

### III. DISCUSSION

Up front, the Court notes that Plaintiff's Complaint is not a model of precision. Although she lists five counts, she does not attribute claims to individual Defendants. Instead, she generally asserts her claims against all the Defendants. (Doc. 1-1 at ¶¶ 16–22). Yet this lack of specificity does not doom her Complaint entirely. Construing Plaintiff's Complaint liberally as the Undersigned is required to do, some of her claims may proceed for further development, while others should be dismissed.

#### A. Defendant U.S. Bank

The Court begins with Plaintiff's claims against Defendant U.S. Bank. Her allegations about this Defendant are sparse. All Plaintiff says in her Complaint is that she "entered into an auto loan agreement" with Defendant U.S. Bank. (Doc. 1-1 at ¶ 8). As noted, she does not specify which claims she brings against this Defendant. Nor does she say how Defendant U.S. Bank was involved in the repossession efforts underlying her claims, other than seemingly contracting with

Defendant Millenium. (*Cf. id.* at ¶¶ 16–22 (suing Defendants for "entering Plaintiff's locked garage," "enter[ing her] private property and garage," and unlawfully repossessing her car); *see also id.* at ¶ 3, 9 (saying only that Millenium is U.S. Bank's agent)). At bottom, these minimal allegations are not enough to state a claim against Defendant U.S. Bank. Nor do they provide fair notice to Defendant U.S. Bank of her claims or the grounds upon which they rest. *Twombly*, 550 U.S. at 555 (saying a complaint must contain enough factual allegations to "give the defendant fair notice" (citation modified)); Fed. R. Civ. P. 8(a)(2) (saying a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). As a result, Defendant U.S. Bank should be **DISMISSED** from this action.

    **B.**    **Claims Under Ohio Revised Code §§ 2911.21 and 2909.06**

Next, Plaintiff attempts to sue Defendants under Ohio's criminal statutes for trespassing and criminal damaging for entering her "private property and garage" without consent. (Doc. 1-1 at ¶ 17 (citing Ohio Rev. Code §§ 2911.21 and 2909.06)). But as a private citizen, Plaintiff cannot sue anyone criminally. *Kelly v. City of New Phila.*, No. 5:11-cv-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)). Therefore, Plaintiff's claims against Defendants brought under Ohio Revised Code §§ 2911.21 and 2909.06 should be **DISMISSED**.

    **C.**    **Remaining Claims**

The Court now turns to Plaintiff's only allegations based in federal law: her claims against Defendants Millenium, Lost & Found Recovery, and John Doe under 15 U.S.C. § 1692f(6) of the

4

FDCPA. (Doc. 1-1 at ¶¶ 20–22). Section 1692f(6) prohibits debt collectors from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6). For claims like Plaintiff's, courts "look to the applicable state self-help repossession statute which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue." *Alexander v. Blackhawk Recovery and Investigation, LLC*, 731 F.Supp.2d 674, 679 (E.D. Mich. 2010). Under Ohio Revised Code § 1309.609, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace" during repossession. *Vantu v. Echo Recovery, LLC*, 85 F.Supp.3d 939, 943 (N.D. Ohio 2015) (citing Ohio Rev. Code § 1309.609(B)(2)). Here, Plaintiff has sufficiently alleged that Defendants Millenium, Lost & Found Recovery, and John Doe breached the peace when they forcibly entered her locked garage without her consent and damaged her property. (Doc. 1-1 at ¶¶ 8–15). Therefore, her claims against them under 15 U.S.C. § 1692f(6) may proceed.

Plaintiff's state-law claims, however, are another matter. Based upon their actions during the repossession of her vehicle, Plaintiff sues Defendants under Ohio Revised Code § 1309.609 for breaching the peace and for civil conversion and negligence. (*Id.* at ¶¶ 16, 18–19). Federal courts have limited supplemental jurisdiction over state-law claims that are related to federal claims. *See Carter v. Mich. Dep't of Corr.*, No. 12-cv-12621, 2013 WL 5291567, at *21 (E.D. Mich. Sept. 19, 2013) (discussing when courts may exercise supplemental jurisdiction and the factors they must consider). Under 28 U.S.C. § 1367, a federal district court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.

5

§ 1367(a). To decide whether supplemental jurisdiction is appropriate, courts must weigh several factors, "including the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (citation modified).

In this case, the same events underlying Plaintiff's federal claim under 15 U.S.C. § 1692f(6) seemingly provide the basis for her remaining state-law claims. (Doc. 1-1 at ¶¶ 16, 18–22). At this stage, though, the record is undeveloped. Discovery has not begun, and the Court has only the limited allegations in Plaintiff's Complaint. Therefore, the Undersigned declines to determine whether the Court will exercise supplemental jurisdiction over Plaintiff's state-law claims at this time. Later in this litigation, and on a more fulsome record, the Court will be better suited to say whether the exercise of supplemental jurisdiction is appropriate.

In sum, the Undersigned **ORDERS** that Plaintiff may proceed on her claims against Defendants Millenium, Lost & Found Recovery, and John Doe under 15 U.S.C. § 1692f(6). The Undersigned **RECOMMENDS DISMISSING** Plaintiff's claims against Defendant U.S. Bank and her claims brought under Ohio Revised Code §§ 2911.21 and 2909.06. Finally, at this time, the Undersigned declines to determine whether the Court will exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

However, this is only a preliminary determination. The Court has not ruled on the merits of Plaintiff's claims, nor has the Court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

The United States Marshal is **ORDERED** to serve copies of the Complaint (Doc. 1-1), summons, and this Order and Report and Recommendation upon Defendants Millenium and Lost

& Found Recovery, as directed by Plaintiff. (Docs. 1-3, 1-4). The U.S. Marshal shall conduct service via certified mail, and costs of service shall be advanced by the United States.

Importantly, Defendant John Doe has not yet been identified. Before service may be issued upon him, Plaintiff must file a motion to issue service setting forth his identity. Therefore, Plaintiff is **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, when she obtains the identity of Defendant John Doe through discovery. Plaintiff is advised that no service will be issued upon him unless Plaintiff complies with this Order.

Finally, Plaintiff is advised that she must serve upon Defendants or Defendants' counsel a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was served upon Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court. An example of a certificate of service can be found on page 43 of the *Pro Se* Handbook, which is available on the Court's website: https://www.ohsd.uscourts.gov/pro-se-handbook.

Plaintiff must also inform the Court promptly of any changes in her address that occur during the pendency of this lawsuit.

**IV.    CONCLUSION**

Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **GRANTED**, and her prior Motion (Doc. 1) is **DENIED as moot**.

After conducting an initial screen of Plaintiff's Complaint (Doc 1-1) under 28 U.S.C. § 1915(e), the Undersigned **ORDERS** that Plaintiff may proceed on her claims against Defendants Millenium, Lost & Found Recovery, and John Doe under 15 U.S.C. § 1692f(6). The Undersigned

7

**RECOMMENDS DISMISSING** Plaintiff's claims against Defendant U.S. Bank and her claims under Ohio Revised Code §§ 2911.21 and 2909.06 for failure to state a claim upon which relief can be granted.  The Undersigned **DECLINES** to determine at this time whether the Court will exercise supplemental jurisdiction over her remaining state-law claims.

The United States Marshal is **ORDERED** to serve a copy of the Complaint (Doc. 1-1), summons, and this Order and Report and Recommendation upon Defendants Millenium and Lost & Found Recovery, as directed by Plaintiff.  (Docs. 1-3, 1-4).  The U.S. Marshal shall conduct service via certified mail, and costs of service shall be advanced by the United States.

Once Plaintiff obtains Defendant John Doe's identity through discovery, she is **ORDERED** to file a motion to issue service that includes U.S. Marshal and summons forms.  No service will be issued upon him unless Plaintiff complies with this Order.

Date: July 10, 2025                                  /s/ Kimberly A. Jolson
                                                                  KIMBERLY A. JOLSON
                                                                  UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

Under Federal Rule of Civil Procedure 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended by the Court on a timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).