IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDSEY DRAHOS,**

   **Plaintiff,**

 v.

**U.S. BANK NATIONAL
ASSOCIATION, et al.,**

   **Defendants.**

Civil Action 2:25-cv-663

Magistrate Judge Kimberly A. Jolson

**OPINION & ORDER**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses. (Doc. 14). For the following reasons, the Motion is **GRANTED in part and DENIED in part**. Defendants' sixth affirmative defense (Doc. 17 at 4) is **STRICKEN** from their Amended Answer.

**I. BACKGROUND**

The Court previously described the allegations in Plaintiff's Complaint. (Doc. 4 at 1–2). Briefly, in June 2024, Plaintiff entered into a loan agreement to purchase a vehicle. (Doc. 5 at ¶ 8). Even though she was current on her loan payments, Plaintiff claims that Defendant Millenium Capital and Recovery Corporation ("Millenium") hired Defendant Lost & Found Recovery ("Lost & Found") to repossess her vehicle. (*Id.* at ¶¶ 8–9). A John Doe employee of Lost & Found allegedly entered Plaintiff's locked garage without her consent and damaged the garage door. (*Id.* at ¶ 11).

Plaintiff brings claims against Defendants Millenium, Lost & Found, and John Doe for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6), and Ohio Revised Code § 1309.609. (*Id.* at ¶¶ 16–17, 20–22). Plaintiff also sues Defendants for state law

negligence and conversion. (*Id.* at ¶¶ 18–19; *see also* Doc. 16 (dismissing Plaintiff's claims against U.S. Bank National Association; dismissing Plaintiff's claims under Ohio Revised Code §§ 2911.21 and 2909.06; and declining to determine whether the Court will exercise supplemental jurisdiction over Plaintiff's remaining state law claims.)). As relief, Plaintiff seeks compensatory, punitive, and statutory damages; injunctive relief; and attorney's fees and costs. (Doc. 5 at 3–4).

After executed service, Defendants Millenium and Lost & Found filed their Answer. (Doc. 10). A few days later, Plaintiff filed a Motion to Strike several affirmative defenses contained in the Answer. (Doc. 14). Defendants subsequently filed an Amended Answer (Doc. 17) and a response to Plaintiff's Motion (Doc. 22). Though Plaintiff's Motion is arguably moot given the Amended Answer, the Court will still consider it, as much of the Motion equally applies to the amended pleading. This course favors both justice and efficiency. Plaintiff failed to file a timely reply, and this matter is ready for consideration.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 12, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of the motion [to strike] is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). "Although motions to strike can 'serve a useful purpose by eliminating insufficient defenses,' a district court should strike only defenses 'so legally insufficient that it is beyond cavil that defendants could not prevail on them.'" *Jones v. Enter. Holdings, Inc.*, No. 2:23-CV-920, 2024 WL 2952372, at *1 (S.D. Ohio June 12, 2024). In other words, motions to strike defenses are "properly granted when '[a plaintiff] would succeed despite any state of the facts which could

be proved in support of the defense.'" *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (citation omitted).

### III.  DISCUSSION

Plaintiff's Motion raises several issues with Defendants' responsive pleading.  All are easily dispensed with.

First, Plaintiff says Defendants' defenses asserted under Michigan law are irrelevant and have no application to this action.  (Doc. 14 at 2–3).  For the most part, Defendants excluded these defenses when they filed their Amended Answer.  (*Compare* Doc. 10 at 4 *with* Doc. 17 at 4).  But to the extent one remains (*see* Doc. 17 at 4 (asserting the sixth affirmative defense under Michigan Compiled Law § 500.3135)), Defendants do not object to it being stricken.  (Doc. 22 at 3).  For this reason, the Court **STRIKES** Defendants' sixth affirmative defense (*id.*).

Next, Plaintiff asks the Court to strike Defendants' affirmative defense related to alcohol or drug impairment.  Defendants did not include this affirmative defense in their Amended Answer.  (*See generally id.*).  So, this issue is moot.

Plaintiff asks the Court to also strike Defendants' affirmative defense concerning comparative negligence.  (Doc. 14 at 3).  She argues that because none of her claims "involve negligence" the defense is "legally insufficient and prejudicial."  (*Id.*).  However, Plaintiff's Complaint clearly alleges negligence.  (Doc. 5 at 3 ("Count III – Negligence[:] Defendants owed Plaintiff a duty to conduct the repossession lawfully and without causing harm. Defendants breached this duty, resulting in damages.")).  Plaintiff's request is therefore denied.

Plaintiff further contends that the Court should strike Defendants' failure to state a claim defense.  (Doc. 14 at 3–4).  She claims this is not a "true" affirmative defense but rather "a Rule 12(b) argument that must be raised by motion or preserved for trial."  (*Id.*).  However, "Federal

Rule 12(h)(2)(A) allows a party to raise 'failure to state a claim' in 'any pleading allowed or ordered under Rule 7(a),' which includes the answer." *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014); *see also Thomas v. Croft*, No. 2:10-CV-74, 2010 WL 3061596, at *1 (S.D. Ohio Aug. 2, 2010) ("[T]he inclusion of a failure-to-state-a-claim defense in an answer is a routine practice which should rarely, if ever, be stricken as legally insufficient."). Accordingly, the Court declines to strike this defense.

Lastly, Plaintiff asks the Court to strike Defendants' "boilerplate" defenses of release, waiver, estoppel, spoliation, and judicial estoppel. (Doc. 14 at 4). Plaintiff asserts that the defenses fail to provide a short and plain statement of the facts required by Federal Rule of Civil Procedure 8 and that Defendants should be required to plead them with more specificity. (*Id.*; *see also* Doc. 17 at 4). However, even if brief, these portions of Defendants' Amended Answer provide Plaintiff with adequate notice of the asserted defenses. That is all that is required. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (holding an affirmative defense is sufficient "as long as it gives plaintiff fair notice of the nature of the defense"); *Jones*, 2024 WL 2952372, at *1 ("Stating an affirmative defense 'in general terms' is enough to give the plaintiff fair notice of the defense." (citation omitted)). These affirmative defenses will remain as well.

In sum, Plaintiff's Motion to Strike is **DENIED** with the exception that the Court **STRIKES** Defendants' sixth affirmative defense which alleges a defense under Michigan law (Doc. 17 at 4).

IV.     **CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Strike Affirmative Defenses (Doc. 14).  Defendants' sixth affirmative defense (Doc. 17 at 4) is **STRICKEN** from their Amended Answer.

IT IS SO ORDERED.

Date: October 6, 2025                                        /s/ Kimberly A. Jolson
                                                                      KIMBERLY A. JOLSON
                                                                      UNITED STATES MAGISTRATE JUDGE