IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDSEY DRAHOS,**

      **Plaintiff,**

      v.

**U.S. BANK NATIONAL
ASSOCIATION, et al.,**

      **Defendants.**

Civil Action 2:25-cv-663

Magistrate Judge Kimberly A. Jolson

**OPINION & ORDER**

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint. (Doc. 32). For the following reasons, the Motion is **DENIED.** Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims are **DISMISSED without prejudice**. Finally, the Court **DISMISSES** the John Doe Defendant from this action.

**I.    BACKGROUND**

This case is about Defendants' alleged violation of the Fair Debt Collection Practice Act ("FDCPA"). As stated in her Complaint, in June 2024, Plaintiff Lindsey Drahos entered into a loan agreement to purchase a vehicle. (Doc. 5 at ¶ 8). Though she claims she was current on her payments, Plaintiff asserts that Defendant Millenium Capital and Recovery Corporation ("Millenium") hired Defendant Lost & Found Recovery ("Lost & Found") to repossess her vehicle. (*Id.* at ¶¶ 8–9). Lost & Found's John Doe repossession agent allegedly entered Plaintiff's locked garage without her consent and damaged the garage door. (*Id.* at ¶ 11; *see also id.* at ¶ 5 (stating Plaintiff did not know John Doe's identity when she filed her Complaint)). Plaintiff claims

these actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6). She also brings various claims under state law. (*Id.* at ¶¶ 16–22 (alleging negligence and conversion and violations of Ohio Revised Code §§ 1309.609, 2911.21, and 2909.06)). As relief, Plaintiff seeks compensatory, punitive, and statutory damages; injunctive relief; and attorney's fees and costs. (*Id.* at 3–4).

Because the Court allowed Plaintiff to proceed *in forma pauperis*, the Court conducted an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). (Doc. 4). Among other things, the Court dismissed a Defendant, dismissed two of Plaintiff's state law claims, and allowed Plaintiff to proceed on her FDCPA claim. (*Id.*). Notably, the Court additionally waited to determine whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, stating that it would make that determination at a more appropriate time. (*Id.* at 6).

Over the past several months, the parties have engaged in discovery. (*See, e.g.*, Doc. 25 (scheduling order)). Through discovery, Plaintiff learned the identity of the John Doe repossession agent. (Doc. 35 at 2). Now, she moves to amend her complaint so that she may name him. (Doc. 32). That matter is ripe for consideration. (Docs. 34, 35). As a threshold issue, though, the time is right for the Court to consider whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

**II.    STANDARD**

Two concepts matter here. First, under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 USC § 1367(a). In other words, the Court may adjudicate state law claims when they "form part of the same case or controversy" as a federal cause of action. *Id.* However, the Court is not

required to.  Courts have broad discretion "when deciding whether to exercise supplemental jurisdiction in a case" and "[e]ven where the Court arguably has supplemental jurisdiction over the state law claims . . . the Court has discretion to decline to exercise its supplemental jurisdiction." *Goederer v. Roman Cath. Archdiocese of Cincinnati*, No. 1:05CV154, 2006 WL 1888881, at *5 (S.D. Ohio July 7, 2006) (citing *Cirasoula v. Westrin*, 1997 WL 472176 (6th Cir. 1997)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (stating supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right").

Second, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires."  This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  A court may deny amendment where the proposed amendment is futile and would not survive a motion to dismiss. *Kottmyer v. Mass*, 436 F.3d 684, 692 (6th Cir. 2006); *Galaria v. Nationwide Mut. Ins. Co.*, No. 2:13-CV-118, 2017 WL 4987663, at *1 (S.D. Ohio Aug. 16, 2017) (citing *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010)).

**III.  DISCUSSION**

Plaintiff's Motion to Amend seeks to name the John Doe repossession agent as Trae Myers, the President and CEO of Lost & Found.  (Doc. 32).  Defendants oppose, arguing the amendment is futile by virtue of the applicable statute of limitations and the relation back doctrine.  (Doc. 34).  The Court considers each side's position but turns first to the question of supplemental jurisdiction over Plaintiff's state law claims.  The Court ultimately declines to exercise supplemental

jurisdiction over any of Plaintiff's state law claims and concludes that her amendment would be futile.

### A. Supplemental Jurisdiction

Plaintiff's operative and proposed complaint raise state law negligence, conversion, and breach of the peace claims. (Docs. 5, 32-1). As stated, the Court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c); *United Mine Workers*, 383 U.S. 715. In contemplating whether to extend this discretion, a court considers whether the state claims predominate over the federal ones. 28 U.S.C. § 1367(c)(2); *see also Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009) ("Although there appears to be no definitive test to determine whether state law predominates over federal claims, courts have considered such factors as whether they outnumber the federal law claims; whether the claims are distinct; and whether [the] state law claims involve proof that is not needed to establish the federal law claims." (citation modified)). The Court also considers judicial economy, convenience, fairness, and comity. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010).

Here, they do. The Court finds the state law claims substantially predominate over Plaintiff's federal claim, and, as a result, judicial economy favors declining to extend discretionary supplemental jurisdiction. Up front, the state claims outnumber the federal claims three-to-one. And, importantly, they involve distinct issues of law and fact that would "substantially expand the scope of this case beyond that necessary and relevant to the federal claims under the FDCPA." *See Walker v. Lynn M. Olivier, P.C.*, No. CIV. 06-10773, 2006 WL 467912, at *6 (E.D. Mich. Feb. 23, 2006).

For instance, to succeed on a negligence claim, Plaintiff is required to establish that Defendants breached an existing legal duty which caused damages—none of which are required

4

for a successful FDCPA claim.  *Compare Anderson v. St. Francis-St. George Hosp., Inc.*, 671 N.E.2d 225, 227 (Ohio 1996) ("A negligence claim requires proof of the following elements: duty, breach of duty, causation, and damages.") *with* 15 U.S.C. § 1629f(6) (prohibiting debt collectors from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest."); *see also Carr v. Collateral Recovery & Investigation, LLC*, No. 23-CV-12925, 2024 WL 1317775, at *2 (E.D. Mich. Mar. 27, 2024) (declining to exercise supplemental jurisdiction over state law negligence claim because it predominates over the plaintiff's FDCPA claim).  Similarly, to succeed on a conversion claim, Plaintiff must demonstrate that the wrongful disposition of her property caused damages.  *RAE Assocs., Inc. v. Nexus Commc'ns, Inc.*, 36 N.E.3d 757 (Ohio Ct. App. 2015).  This, again, requires proof beyond that required under the FDCPA.  15 U.S.C. § 1629f(6).

At base, should the Court exercise supplemental jurisdiction over these claims—or any other state law claim—the record and arguments before the Court and the fact finder would inefficiently and substantially balloon.  *See Walker*, 2006 WL 467912, at *6 (noting that reconciling the differences between state and federal law "often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees"); *Gaines v. Blue Cross Blue Shield of Michigan*, 261 F. Supp. 2d 900, 905–906 (E.D. Mich. 2003) ("[I]n almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding."); *see also Dixson v. Supreme Touch Home Health Servs. Corp.*, No. 2:24-CV-3828, 2025 WL 2696482, at *4 (S.D. Ohio Sept. 22, 2025) (declining

5

to exercise supplemental jurisdiction where evidence for the federal claim "differs markedly" from the evidence required to prove the state law counterclaims).

For these reasons, exercising supplemental jurisdiction would substantially expand the scope of this case to issues unrelated to the only claim for which this Court has original jurisdiction. Judicial economy and the other relevant considerations, then, weigh against exercising supplemental jurisdiction in this case. Therefore, the Court **DISMISSES without prejudice** Plaintiff's state law claims.

### B. Motion for Leave to Amend

Given the Court's conclusion about supplemental jurisdiction, the sole issue the Court must address in considering Plaintiff's Motion for Leave to Amend is whether she may name Mr. Myers as the John Doe repossession agent for her FDCPA claim. (*See* Doc. 32-1). The Court denies this request because her amendment would be futile.

Rule 15(c) allows plaintiffs to change or name a party after the statute of limitations for a claim has expired, if the amendment arises out of the same transaction or occurrence as that from the original proceeding, and the party to be added "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). Doing so "relates back" the amended complaint as if it were filed before the statute of limitations expired. Fed. R. Civ. P. 15(c)(1). The Sixth Circuit has interpreted the "mistaken identity" requirement in Rule 15(c)(1)(C)(ii) to preclude relation back when a plaintiff merely does not know the identity of a defendant. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("The Rule allows relation back for the mistaken identification of defendants, not

6

for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations.").

Here, Plaintiff originally asserted her FDCPA claim against the John Doe repossession agent. (Doc. 5). The statute of limitations for FDCPA claims is one year from the date of the alleged violation. 15 U.S.C. § 1692k(d); *Jodway v. Orlans, PC*, 759 F. App'x 374, 379 (6th Cir. 2018). By Plaintiff's own telling, the violation occurred on June 15, 2024, and she filed her originally complaint on June 13, 2025, just two days before the statute of limitations was set to expire. (Doc. 32 at 1; *see also* Doc. 1-1). She did not move to amend her complaint to include Mr. Myers until October 21, 2025—well after the statute of limitations expired. (Doc. 34 at 2). Thus, to add Mr. Myers to her FDCPA claim, Plaintiff would need to satisfy Rule 15(c)'s relation back doctrine.

At base, Plaintiff's amended complaint does not satisfy Rule 15(c)'s mistaken identity requirement. Plaintiff did not make a mistake about Mr. Myers's identity—she didn't know who he was. (Doc. 5 at ¶ 5). As articulated in *Smith*, "[t]he relation-back protections of Rule 15(c) were not designed to correct" when a plaintiff does not discover the identity of a party she intends to sue within the limitations period, which is what happened here. *Smith*, 476 F. App'x at 69 (emphasis in original).

Still, Plaintiff submits several reasons why the precepts in *Smith* should not apply to her case. She first cites *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), arguing that "[t]he omission of Myers' name was a 'mistake' within *Krupski*'s meaning; Plaintiff lacked access to his identity because Defendants failed to disclose it earlier." (Doc. 35 at 3 (citation modified)). But the *Smith* court rejected a similar argument. *Smith*, 476 F. App'x at 69 ("In *Krupski* . . . the plaintiff knew of two potential parties when she filed the lawsuit, but she sued the wrong party and corrected

7

the mistake only after the statute of limitations had expired."). Here too, "Krupski's problem is not [Plaintiff's] problem." *Id.* Rather, like *Smith*, Plaintiff did not mistake which Defendant to sue; she didn't know who the repossession agent was and "opted not to find out within the limitations period." *Id.* It is immaterial whether Defendants failed to disclose Mr. Myers' identity to Plaintiff because Plaintiff waited to file her complaint until two days before the statute of limitations expired on the FDCPA claim. Plaintiff left no time for Defendants to turn over Mr. Myers's name before the limitations period ended. Rule 15(c) cannot turn back the clock. *Id.*

Plaintiff also argues that the less stringent Ohio standard for relation back applies. (Doc. 35 at 3). Even accepting this contention, the facts in this case do not meet the requirements for the Ohio standard either. *Cf. Erwin v. Bryan*, 125 Ohio St.3d 519, 929 N.E.2d 1019, 1026 (2010) (noting the plaintiff must state that the defendant's name could not be discovered, must sufficiently identify the defendant to facilitate obtaining service, and must personally serve the summons on the defendant). No service—let alone personal service as required under the Ohio standard—was issued to Mr. Myers because Plaintiff did not know who he was until well into discovery. (*See also* Doc. 4 at 7 ("Importantly, Defendant John Doe has not yet been identified. Before service may be issued upon him, Plaintiff must file a motion to issue service setting forth his identity.")). Thus, the Ohio standard is inapplicable.

Finally, Plaintiff asks for equitable tolling of the statute of limitations because Defendants "withheld internal records [and] concealed the agent's identity until discovery." (*Id.* at 3). But again, Plaintiff did not file her initial complaint until two days before the statute of limitations for her FDCPA claim was set to expire. (Doc. 1-1). Equitable tolling is not justified here. *See Price v. Wilson*, No. 19-12874, 2021 WL 5204923 at *7 (E.D. Mich. Nov. 9, 2021) (denying equitable

8

tolling in relation back context where plaintiff filed complaint eighteen days before the statute of limitations expired).

For these reasons, Plaintiff's amendment identifying Trae Myers as the John Doe repossession agent for her FDCPA claim would be futile. Her Motion for Leave to Amend, therefore, is **DENIED**. And because Plaintiff cannot proceed on her only remaining claim against him, the John Doe Defendant is **DISMISSED**.

*****

As a final note, Plaintiff seeks to add additional state law claims to this case, including trespass and criminal damaging, trespass to chattels, and negligent training and supervision. (Doc 32-1 at 4; Doc. 35 at 4). Because the Court is not exercising jurisdiction over any of Plaintiff's state law claims, it is not necessary to evaluate whether these claims may be added to her case. Plaintiff's sole claim proceeding at this point is her Fair Debt Collection Practices Act claim against Defendants Millenium Capital and Recovery Corporation and Lost & Found Recovery.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims are **DISMISSED without prejudice**. Finally, the Court **DISMISSES** the John Doe Defendant from this action.

IT IS SO ORDERED.

Date: November 26, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE