IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDSEY DRAHOS,**

       **Plaintiff,**

  v.

**U.S. BANK NATIONAL ASSOCIATION, et al.,**

       **Defendants.**

Civil Action 2:25-cv-663

Magistrate Judge Kimberly A. Jolson

## **OPINION & ORDER**

Before the Court is Plaintiff's Motion to Stay Discovery. (Doc. 37). For the following reasons, the Motion is **DENIED**.

**I.**    **BACKGROUND**

This case is about Defendants' alleged violation of the Fair Debt Collection Practice Act ("FDCPA"). As stated in her Complaint, in June 2024, Plaintiff Lindsey Drahos entered into a loan agreement to purchase a vehicle. (Doc. 5 at ¶ 8). Though she claims she was current on her payments, Plaintiff asserts that Defendant Millenium Capital and Recovery Corporation ("Millenium") hired Defendant Lost & Found Recovery ("Lost & Found") to repossess her vehicle. (*Id.* at ¶¶ 8–9). Lost & Found's repossession agent allegedly entered Plaintiff's locked garage without her consent and damaged the garage door. (*Id.* at ¶ 11). Plaintiff claims these actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6). As relief, Plaintiff seeks compensatory, punitive, and statutory damages; injunctive relief; and attorney's fees and costs. (*Id.* at 3–4).

Initially, Plaintiff also brought various claims under state law. (*Id.* at ¶¶ 16–22 (alleging negligence and conversion and violations of Ohio Revised Code §§ 1309.609, 2911.21, and 2909.06)). And she alleged some of her claims against Lost & Found's unidentified repossession agent. (*Id.* at ¶¶ 2, 10,14, 16–22). When Plaintiff moved to amend her complaint so that she could identify him, the Court denied her request and separately declined to exercise supplemental jurisdiction over her state law claims. (Doc. 36).

Now, Plaintiff tells the Court that she filed her dismissed state claims in state court. (Doc. 37 at 1). She seeks to stay discovery here until that state court case is resolved. (*Id.* at 5). This matter is ripe for consideration. (*See* Docs. 38, 40).

**II.  STANDARD**

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-cv-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). But in general, "a federal court need not dismiss or stay an action on account of parallel state court proceedings." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-00292, 2014 WL 4748430, at *3 (S.D. Ohio Sept. 23, 2014) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). Requiring a stay in such circumstances "would give litigants a powerful tool to keep cases out of federal court or remove cases to state court simply by filing a parallel suit in state court." *Id.* (quoting Erwin Chemerinsky, *Federal Jurisdiction,* § 14.2 (6th ed. 2011)).

Thus, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank Co.*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-cv-00219, 2010 WL 3719245, at

2

*1 (S.D. Ohio Sept. 16, 2010)). In the end, "[t]he Court . . . must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Id.* at *2 (quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff argues that this Court should stay discovery until her state court case has been resolved. (Doc. 37 at 5). The Court declines to do so.

To justify a discovery stay, the movant must demonstrate good cause. *Painter-Hart v. Sientra, Inc.*, No. 3:20-CV-418, 2021 WL 6327692, at *2 (E.D. Tenn. Mar. 19, 2021). That is, she must make "a particularized showing that discovery would burden [the moving party] to an unusual degree and the stay would not prejudice the [nonmoving party]." *Land Res. & Royalties LLC v. B&W Res., Inc.*, No. 6:22-CV-220-REW-HAI, 2023 WL 5822750, at *2 (E.D. Ky. Mar. 28, 2023). For the following reasons, Plaintiff fails to make such a particularized showing.

First, Plaintiff fails to demonstrate that discovery would burden her. To support her Motion, she argues that the state court case—filed merely a day before the present Motion—would "control the substantive issues of liability, damages, contract enforceability, and the chain of repossession authority." (Doc. 37 at 2). Because of this, Plaintiff says, moving forward with discovery in federal court will cause "duplicative discovery, conflicting obligations, unnecessary expense, and the risk of inconsistent judicial rulings." (*Id.* at 3). But Plaintiff offers no specific examples of what duplicative discovery will occur. At this point, her fears are hypothetical. *Dealer VSC, Ltd. v. Tricor Automotive Grp.-US-Inc.*, No. 2:21-cv-3880 2022 WL 190054, at *3 (S.D. Ohio Jan. 21, 2022) (finding concerns about similar discovery occurring in a state court case too speculative to justify a stay in the federal case). And the Court is unconvinced that the state issues are even as duplicative as she claims. In fact, the Court previously declined to exercise

supplemental jurisdiction over these very claims because they were not so related to the federal claims such that the Court needed to adjudicate both at the same time. (Doc. 36 at 4 (holding the state claims "involve distinct issues of law and fact that would 'substantially expand the scope of this case beyond that necessary and relevant to the federal claims under the FDCPA.'")). The Court declines to make the opposite holding now to stay discovery.

Moreover, "discovery is not *per se* burdensome merely because it could be duplicative." *RPM Freight Sys., LLC v. K1 Express, Inc.*, No. 21-11964, 2023 WL 2933208, at *4 (E.D. Mich. Apr. 13, 2023) (denying motion for protective order). To the extent Plaintiff is inconvenienced by having discovery in federal and state courts, she faces an inconvenience of her own making. And where discovery is duplicative with state court proceedings, "the Federal Rules of Civil Procedure provide other options for addressing such situations short of a complete stay." *Williams v. New Day Farms*, LLC, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010). At base, Plaintiff overstates the weight of the relevant hardships against her should discovery continue.

Second, Plaintiff fails to show that a stay of discovery will not burden Defendants. At most, she claims that the case deadlines "will not be compromised by a short stay." (Doc. 37 at 5). But Plaintiff understates the true length of her proposed stay. As mentioned, Plaintiff requests a stay "pending resolution of a parallel state-court action." (*Id.* at 1). Upon review of the state court docket, discovery is not set to close until September 2026, with dispositive motions due in August and trial set for January 2027. *Drahos v. U.S. Nat'l Ass'n, et al.*, 25-CV-10507 (2025). Theoretically, the state court case may not be resolved for at least a year. This is not a "short stay" as Plaintiff suggests. (Doc. 37 at 5).

4

Rather, such a lengthy discovery stay will prejudice Defendants. Defendants show they do not need much more discovery before filing their summary judgment motion. (*See* Doc. 40 at 3–4 (listing remaining discovery)). And the discovery cut-off is mere weeks away. (*Id.* (noting discovery is set to cut off January 5, 2026)). To stay discovery this close to the finish line—and perhaps for more than a year—would substantially harm Defendants' position. What could have been resolved in a few short months would stall in indefinite limbo. And as time passes, memories fade and witnesses might become unavailable. *Cf. Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, No. 1:19-CV-133, 2023 WL 3004148, at *4 (S.D. Ohio Apr. 18, 2023) ("Further delay could substantially harm Plaintiffs in that witnesses move, parties die, and memories fade."). Ultimately, "[d]efendants have an equal right to expect that their summary judgment motion be resolved in a just, speedy, and inexpensive manner." *Siler v. Webber*, No. 3:05-CV-341, 2009 WL 10680020, at *6 (E.D. Tenn. Apr. 21, 2009), *aff'd*, 443 F. App'x 50 (6th Cir. 2011). The Court will not deprive them of this right so that Plaintiff may see if her claims fare better in a different forum.

In sum, Plaintiff has not shown good cause for a stay of discovery. During the pendency of this Motion Plaintiff has been unable (or unwilling) to produce remaining discovery. (Doc. 40 at 3). Given the Court's ruling, Plaintiff is **ORDERED** to participate fully in the discovery process. On or before **January 2, 2026**, the parties are **ORDERED** to file a joint status report updating the Court on the progress of discovery.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Stay Discovery (Doc. 37). Plaintiff is **ORDERED** to participate fully in the discovery process. On or before **January 2, 2026**, the parties are **ORDERED** to file a joint status report updating the Court on the progress of discovery.

      IT IS SO ORDERED.

Date: December 23, 2025                        <u>/s/ Kimberly A. Jolson</u>
                                                     KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE