**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LINDSEY DRAHOS,

      **Plaintiff,**

    **v.**                                      **Civil Action 2:25-cv-663**
                                                  **Magistrate Judge Jolson**

U.S. BANK NATIONAL
ASSOCIATION, *et al.*,

      **Defendants.**

**<u>OPINION & ORDER</u>**

Defendants' Motion for Summary Judgment (Doc. 59) is before the Court. For the following reasons, Defendants' Motion is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants. Plaintiff's Motion to Strike (Doc. 64) is **DENIED as moot**.

**I.     BACKGROUND**

This matter, in which the parties consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c), concerns Defendants' involvement in the repossession of Plaintiff's vehicle. (Docs. 5, 26). While Plaintiff's Complaint originally alleged five claims against four Defendants, the Court previously narrowed her claims. (*See* Docs. 4, 16, 36). Plaintiff's remaining claim seeks relief against Millenium Capital Recovery Corporation ("Millennium") and Lost & Found Recovery ("Lost & Found") for violating the provision of the Fair Debt Collection Practices Act ("FDCPA") that prohibits debt collectors from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if– (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ." 15 U.S.C. § 1692(f)(6)(A). (*See* Docs. 4, 16, 36).

The factual background of this case is relatively straightforward. Sometime prior to June

2024, Plaintiff executed an auto loan agreement with U.S. Bank National Association.  (Doc. 59-5 at 15).  Plaintiff failed to make an unspecified number of monthly payments on the loan, and on June 5, 2024, Millennium issued an Order to Repossess to Lost & Found.  (Doc. 59-5 at 15; Doc. 59-12 at 2).  Ten days later, Lost & Found repossessed Plaintiff's vehicle from her detached garage.  (Doc. 59-4; Doc. 59-5 at 11, 16–17).  During the repossession, Plaintiff claims that Lost & Found, acting as an agent of Millennium, opened her garage door to retrieve her vehicle.  (Doc. 59-5 at 18; Doc. 5 at 4–5).  Plaintiff contends that because Lost & Found had to open her garage door, Defendants did not have a present right to possession and thus violated the FDCPA.  (*Id.*).  The parties dispute whether Plaintiff's garage door was open or closed at the time of repossession.  (Doc. 59-5 at 18–19, 25–29, 36–37; Doc. 59-4 at 2).

Nonetheless, on June 24, 2024, Plaintiff recovered her vehicle and signed a Redemption Release Authorization ("Release").  (Doc. 59-11; Doc. 59-5 at 71–75).  The Release states:

> The undersigned hereby releases and forever discharges Millennium Capital and Recovery Corporation, its client, representatives, agents, servants, employees, assigns and all other persons related to or connected with any of them from any and all claims concerning or arising from the repossession, seizure, use or holding of the collateral described above. ***

(Doc. 59-11 at 2).  About a year later, Plaintiff filed this action.  (Doc. 1).

On April 10, 2026, Defendants filed a Motion for Summary Judgment seeking an end to the case.  (Doc. 59).  Plaintiff filed a response (Doc. 63), and Defendants replied (Doc. 66).  This matter is ready for review.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine

2

issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Evidence is viewed in the light most favorable to the nonmoving party, meaning that "any direct evidence offered by the [nonmovant] in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Liberty Lobby*, 477 U.S. at 251–52, and *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  Ultimately, the Court asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52.

## III.  DISCISSION

Defendants move for summary judgment on Plaintiff's remaining claim against them for violating the FDCPA.  (*See generally* Doc. 59).  Yet Defendants argue that the Court need not consider the FDCPA to resolve the case because the Release bars Plaintiff's claim in the first instance.  (*Id.* at 11–12).  And to the extent it does not, her claim fails because they had the present right to possession of her vehicle.  Ultimately, the Court need only address Defendants' first argument.

"A release is an absolute bar to a later action on any claim encompassed within it, absent a showing of fraud, duress, or other wrongful conduct in procuring it." *Ragouzis v. Hamilton*, No. CV 24-94, 2026 WL 1031006, at *8 (E.D. Ky. Apr. 16, 2026) (citing *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 465 (Ohio 2018)).  And a release agreement is a "contract interpreted in accordance with the rules governing contract construction." *Davis v. Cincinnati Metro. Hous. Auth., Inc.*, No. 1:11-CV-533, 2013 WL 5487909, at *5 (S.D. Ohio Sept. 30, 2013).  "Where the terms in a contract are not ambiguous, courts are constrained to apply the plain language of the

contract." *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 875 N.E.2d 561, 566 (Ohio 2007) (citation omitted); *see also Bohlen v. Anadarko E & P Onshore*, L.L.C., 80 N.E.3d 468, 471 (Ohio 2017) ("[T]he unambiguous language of the contract governs and courts will not give the contract a construction other than that which the plain language of the contract provides." (citation and quotation omitted)).  In considering a contract, courts give common words their ordinary meaning, "unless manifest absurdity results" or another meaning is evidenced from the contract itself. *Shifrin v. Forest City Enterprises, Inc.*, 597 N.E.2d 499, 501 (Ohio 1992).  At base, the interpretation of a contract term is a matter of law "for initial determination by the court." *Shanesville Invs. LLC v. Eclipse Res. I, LP*, 358 F. Supp. 3d 665, 670 (S.D. Ohio 2018) (citation omitted); *Caldwell v. PNC Fin. Servs. Grp., Inc.*, 835 F. Supp. 2d 510, 522 (S.D. Ohio 2011).

Here, Defendants say the plain language of the Release encompasses Plaintiff's FDCPA claim.  (Doc. 59 at 11–12).  Plaintiff counters that the Release "references claims arising from repossession" and her claim "concerns unlawful conduct during repossession."  (Doc. 63 at 10 (cleaned up)).  She argues "unlawful conduct during repossession" is "not clearly encompassed by the release language" and "[a]t minimum: the scope of the release is ambiguous and presents a fact question."  (*Id.*).  The Court agrees with Defendants' interpretation.

The plain language of the Release is broad and includes no limits or qualifications.  (Doc. 59-11 at 2).  It explicitly releases both Millenium and Lost & Found—as Millenium's agent or representative—from liability related to the repossession of Plaintiff's vehicle.  (*Id.* ("releas[ing] and forever discharg[ing]" Defendants from "any and all claims concerning or arising from the repossession . . . .")).  Said another way, Plaintiff's claim of unlawful repossession fits squarely within the Release language.  *See also Lewis v. TitleMax of Texas, Inc.*, 543 F. Supp. 3d 452, 457 (W.D. Tex 2021) (finding similar release agreement encompassed FDCPA claim).  What's more,

4

Plaintiff's argument that claims "arising from repossession" and claims grounded in "unlawful conduct during repossession" is nonsensical and conclusory. She makes no attempt to meaningfully explain why those two concepts are different. In the end, "[c]onclusory statements will not defeat a motion for summary judgment." *Hollis v. Booker*, No. CIV.A. 05CV280, 2006 WL 379385, at *4 (E.D. Ky. Feb. 16, 2006) (citation omitted). As a matter of law, the Release bars Plaintiff's claim.

Plaintiff's assertion that she signed the Release under duress does not save her claim. (Doc. 63 at 10–12 (claiming "the circumstances surrounding execution of the release—including Defendants' control over Plaintiff's sole transportation and employment-critical property—present a factual dispute as to voluntariness")). "If a defendant pleads release as an affirmative defense, and, in a motion for summary judgment, establishes the existence and applicability of the release, the plaintiff 'may show the invalidity of the release, which can be done by showing . . . duress.'" *Ragouzis*, 2026 WL 1031006, at *9 (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1108 n.3 (6th Cir. 2010)). On the other hand, "[w]here a plaintiff fails to respond with any argument or evidence that would raise a genuine dispute as to the enforceability of a release, summary judgment is appropriate." *Id.* (citation omitted).

Here, Plaintiff does not meet her burden. Plaintiff fails to cite any evidence in the record that would create a genuine issue of material fact (*see* Doc. 63 at 10–12). *See also U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997) ("It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment."). Her conclusory statements are not enough.

In sum, the Court finds there is no genuine issue for trial. *See Liberty Lobby*, 477 U.S. at

250.  As a matter of law, the Release's plain language bars Plaintiff's FDCPA claim against Defendants.  Even more, there is no genuine issue of material fact that the Release is valid; Plaintiff provides no evidence that she executed it under duress.  Defendants properly moved for summary judgment, and Plaintiff failed to meet her burden to defeat the Motion.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants.  Plaintiff's Motion to Strike (Doc. 64) is **DENIED as moot**.


**IT IS SO ORDERED.**


Date: May 28, 2026                          /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE