**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LINDSEY DRAHOS,**

        **Plaintiff,**

      **v.**                              **Civil Action 2:25-cv-663**
                                            **Magistrate Judge Jolson**

**U.S. BANK NATIONAL
ASSOCIATION, *et al.*,**

        **Defendants.**

### <u>OPINION & ORDER</u>

Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 69) is before the Court.  For the following reasons, Plaintiff's Motion is **DENIED**. On May 28, 2026, the Court issued an Opinion and Order granting summary judgment in Defendants' favor. (Doc. 67).  In brief, the Court found that the Redemption Release Authorization ("Release") Plaintiff signed barred her Fair Debt Collection Practices Act claim, and Plaintiff failed to cite evidence that would raise a genuine dispute as to the enforceability of the Release. (*Id.* at 3–6).

Plaintiff now has filed a Motion to Alter or Amend Judgment asking the Court to reconsider its decision.  (Doc. 69).  Plaintiff requests that the Court reconsider because she claims the Defendants' exhibits contained evidence that creates a genuine dispute as to the voluntariness of the Release, and she misunderstood Rule 56(c)'s requirements regarding her obligation to cite to record evidence.  (*Id.* at 2–3, 5).  As the Sixth Circuit instructs, courts may grant a Federal Rule of Civil Procedure 59(e) motion "'only if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Cook v. Fatheree*, No. 5:25-CV-984, 2025 WL 2637407, at *1 (N.D. Ohio Sept. 12, 2025) (quoting

*ACLU of Kent. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010)).  Plaintiff brings her Motion under the fourth condition, claiming "manifest injustice would result from a technical procedural deficiency rather than adjudication on the merits" without judicial reconsideration.  (Doc. 69 at 3, 6).

At base, Plaintiff argues that her *pro se* status should excuse her failure to comply with the requirements of Rule 56(c).  Contrary to her assertion, a party's "status as a *pro se* litigant does not alter [the party's] duty on a summary judgment motion" to support [] her argument with specific facts" as required by Rule 56(c).  *Williams v. Kellogg USA LLC*, No. 2:21-CV-2306, 2022 WL 11128380, at *4 (W.D. Tenn. Oct. 19, 2022) (quoting *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).  The "liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Id.* (citing *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010)); *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) (noting that there is no rule in the Sixth Circuit that provides non-prisoner *pro se* litigants with "special assistance" at the summary judgment stage).

What's more, Plaintiff provides no argument or authority that the Court's enforcement of Rule 56(c) equates to manifest injustice.  *C.f. Oaks v. Allstate Ins. Co.*, No. CIV. 05-191, 2007 WL 38375, at *3 (E.D. Ky. Jan. 5, 2007) ("Rule 59(e) is not a second opportunity for Plaintiff to correct [her] oversights . . . .").  Again, her conclusory statements are insufficient.  *See Bonner v. Rechtzigel*, No. 10-15069, 2011 WL 2183409, at *1 (E.D. Mich. June 6, 2011) (denying Rule 59(e) motion where movant only provided conclusory statements).  Nor does the Court find that "reconsideration is necessary to prevent manifest injustice." *Moeller v. Univ. of Toledo*, No. 2:25-CV-12057, 2026 WL 1022409, at *2 (E.D. Mich. Apr. 15, 2026) (noting that cases in the Sixth

2

Circuit "do not offer clear guidance as to what qualifies as manifest injustice, but the plain meaning of those words is instructive" and citing to Black's Law Dictionary: "[a] direct, obvious, and observable error in a trial court") (citation omitted).  *C.f. Hernandez v. City of Saginaw*, No. 12-CV-11916, 2013 WL 4052632, at \*3 (E.D. Mich. Aug. 12, 2013) (finding *pro se* plaintiff's oversight of statute of limitations did not establish manifest injustice and comparing situation to *Marbury L. Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010) (finding reconsideration of order dismissing case necessary to prevent manifest injustice where a professional courier service delivered a *pro se* movant's pleading to the wrong court, causing his action to be dismissed)).

In sum, Plaintiff's *pro se* status does not excuse her noncompliance with summary judgment standards, nor has she demonstrated manifest injustice such that the Court must grant her the extraordinary remedy Rule 59(e) provides.  *Id.* ("relief under Rule 59(e) is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (quotation omitted).

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.  This matter remains **CLOSED**.

        **IT IS SO ORDERED.**

Date: June 17, 2026                /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE