**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LINDSEY DRAHOS,

      **Plaintiff,**

    v.                       **Civil Action 2:25-cv-663**
                                    **Magistrate Judge Jolson**

U.S. BANK NATIONAL
ASSOCIATION, *et al.*,

      **Defendants.**

## <u>OPINION & ORDER</u>

Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) is before the Court. (Doc. 72). For the following reasons, Plaintiff's Motion is **DENIED**.

On May 28, 2026, the Court issued an Opinion and Order granting summary judgment in Defendants' favor. (Doc. 67). In brief, the Court found that the Redemption Release Authorization ("Release") Plaintiff signed barred her Fair Debt Collection Practices Act claim, and Plaintiff failed to cite evidence that would raise a genuine dispute as to the enforceability of the Release. (*Id.* at 3–6). Fourteen days later, Plaintiff filed her Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 69). Plaintiff requested that the Court reconsider its Opinion granting summary judgment in favor of Defendants because she claims Defendants' exhibits contained evidence that creates a genuine dispute as to the voluntariness of the Release, and she misunderstood Rule 56(c)'s requirements regarding her obligation to cite to record evidence. (*Id.* at 2–3, 5). The Court denied that Motion, finding Plaintiff's *pro se* status did not excuse her noncompliance with summary judgment standards, nor had she demonstrated manifest injustice such that the Court must grant her the extraordinary remedy Rule 59(e) provides. (Doc. 70). Plaintiff subsequently appealed the Court's Opinion and Orders granting summary judgment

and denying her Rule 59(e) motion (Docs. 67, 70).  (Doc. 71).

That same day, Plaintiff filed the instant Motion.  In it, Plaintiff again asks the Court to vacate its Opinion and Order granting Defendants summary judgment, but she now claims that she failed to comply with Rule 56(c) because of the Court's previous Order advising her that she cannot file discovery requests until they are used in a proceeding.  (Doc. 72 at 2–3; *c.f.* Doc. 69 at 5 (arguing for relief because she misunderstood Rule 56)).

Plaintiff moves only under Rule 60(b)(6), which states that a court may relieve a party from a final judgment or order where the party demonstrates "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The "U.S. Supreme Court and the Sixth Circuit have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances.  *Martin v. Bank of Am., N.A.*, No. 2:13-CV-13816, 2014 WL 1977141, at *2 (E.D. Mich. May 15, 2014) (collecting cases).  "Exceptional circumstances under Rule 60(b) means 'unusual and extreme situations where principles of equity *mandate* relief.'"  *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original).  The "party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citation omitted).

Here again, Plaintiff is attempting to rely on her *pro se* status to excuse her failure to comply with the Rules of Civil Procedure.  Plaintiff boldly claims that "this Court's own Order created the evidentiary deficiency for which it penalized Plaintiff" and "[w]here a court's own order contributed to a pro se litigant's failure to present probative evidence, and the court then dismissed the case for lack of that evidence, the circumstances meet any reasonable definition of extraordinary."  (Doc. 72 at 5 (cleaned up)).  To be clear, the Court created no such "evidentiary

2

deficiency":

> Plaintiff's Request for Production of Documents and Interrogatories propounded to Defendant is before the Court. (Doc. 27). Plaintiff is **ADVISED** that she must serve her discovery requests directly on Defendants and not file them with this Court. See Fed R. Civ. P. 5(d)(1)(A) (stating interrogatories and requests for the production of documents are not to be filed until they are used in a proceeding). Should Plaintiff file further discovery requests with the Court before they are to be used in this proceeding (and without the Court's permission for such a filing), the Court may strike the requests from the docket.
>
> Plaintiff is further advised to view page 15 of the Southern District of Ohio's Guide for Pro Se Litigants for more information about discovery procedures: https://www.ohsd.uscourts.gov/pro-se-handbook.

(Doc. 28) (emphasis in original).

What's more, Plaintiff's confusion about a discovery order, grounded in her *pro se* status, is not an extraordinary circumstance. *C.f. Brown v. Nelson*, No. 25-13120, 2026 WL 116425, at *3 (E.D. Mich. Jan. 15, 2026) ("Plaintiff proceeding *pro se* 'is not an exceptional or extraordinary circumstance' that warrants relief under Rule 60(b)(6).") (quoting *Daniel v. DTE Energy Co.*, 592 F. App'x 489, 491 (6th Cir. 2015)). *See also Mid-Am. Apartment Communities, Inc. v. Philipson*, No. 2:23-CV-2186, 2025 WL 1762300, at *6 (W.D. Tenn. June 25, 2025) ("The Court abiding by the law and the Federal Rules of Civil Procedure does not provide a basis for granting relief under Rule 60(b)(6).").

As a final note, Plaintiff requests that the Court vacate its Order and Opinion denying her Rule 59(e) Motion, apparently on the same grounds. (Doc. 72 at 1, 7). This request is **moot** in light of the foregoing analysis.

In sum, Plaintiff fails to demonstrate by clear and convincing evidence that exceptional circumstances exist here such that the Court must grant her relief under Rule 60(b)(6). For the foregoing reasons, Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) is **DENIED**. This matter remains **CLOSED**.

**IT IS SO ORDERED.**


Date: July 10, 2026                                   /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE